**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael ANDROS, Defendant–**
**Appellant.**

**No. 12–30099.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2013.

Filed Feb. 12, 2013.

Helen J. Brunner, Esquire, Bruce Miyake, Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Jesse Cantor, Mazzone and Cantor, LLP, Everett, WA, for Defendant–Appellant.

Before: FISHER, GOULD and PAEZ, Circuit Judges.

## MEMORANDUM *

Michael Andros appeals the district court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). We affirm.

Section 3582(c)(2) allows a modification of a term of imprisonment when two requirements are satisfied: (1) the sentence is based on a sentencing range that subsequently has been lowered by the Sentencing Commission; and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See United States v. Waters,* 648 F.3d 1114, 1116 (9th Cir.2011). Even assuming Andros can satisfy the first requirement, he cannot satisfy the second.

The applicable policy statement provides that a reduction in a defendant's term of imprisonment is not authorized if an amendment to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). The term "applicable guideline range" refers to the defendant's guideline range *before* application of any departure or variance. *See United States v. Pleasant,* 704 F.3d 808, 2013 WL 11892, at *3 (9th Cir. Jan.2, 2013). Andros' pre-variance applicable guideline range was his career offender range under U.S.S.G. § 4B1.1. The Sentencing Commission's amendments to the Guidelines have not lowered that guideline range. *See United States v. Wesson,* 583 F.3d 728, 731 (9th Cir.2009). Andros is therefore ineligible for a reduction of sentence.

Andros points out that his applicable guideline range has, in fact, been lowered. This reduction, however, results from the Fair Sentencing Act's amendments to 21 U.S.C. § 841 and the operation of § 4B1.1, not from an amendment to the Guidelines Manual. This reduction therefore does not satisfy § 1B1.10. *See* U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C.

3582(c)(2) if ... [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").[1]

**AFFIRMED.**

---

1. The court will hold issuance of the mandate in this case until the mandate issues in *United States v. Pleasant,* No. 12–10213, 704 F.3d. 808, 2013 WL 11892 (9th Cir. Jan.2, 2013).